**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| ARCENIO ABORRESCO, | : | **CIV. NO. 19-16051 (RMB-AMD)** |
|  | : |  |
| Plaintiff | : |  |
|  | : |  |
| v. | : | **OPINION** |
|  | : |  |
| JEFFREY KRANTZ, DDS and | : |  |
| ROBERT ZAMRIN, DDS, | : |  |
|  | : |  |
| Defendants | : |  |

**BUMB**, DISTRICT JUDGE

Plaintiff Arcenio Aborresco ("Plaintiff"), incarcerated in Southern State Correctional Facility in Delmont, New Jersey, filed a civil rights complaint on July 30, 2019. (Compl., ECF No. 1.) Plaintiff applied to proceed *in forma pauperis* under 28 U.S.C. § 1915 (IFP App., ECF No. 1-5 and 1-6). His application establishes his financial ability to proceed without prepayment of the filing fee and is granted.

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action regarding prison conditions and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any

claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court dismisses the amended complaint without prejudice.

I.  *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

2

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A. The Complaint

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983. (Compl., ECF No. 1, ¶1a.) Plaintiff alleges the following facts in support of his complaint. On May 19, 2016 at the Central Reception and Assignment Facility ("CRAF") in Trenton, New Jersey, Jeffrey

Krantz, D.D.S. removed Plaintiff's #6 tooth. (Compl., ECF No. 1, ¶6.) A large amount of the gum tissue was removed from Plaintiff's mouth and caused excessive bleeding and pain for two weeks. (Compl., ECF No. 1, ¶6.) Plaintiff was disfigured by the loss of gum tissue. (Id.)

On July 11, 2016, at Southern State Correctional Facility, Plaintiff saw Robert Zamrin, D.D.S. for removal of tooth #19. (Id.) During the procedure, Plaintiff complained of pain and Dr. Zamrin gave him a shot. (Id.) When Plaintiff complained that the shot had worn off, Dr. Zamrin told Plaintiff not to stop him anymore and let him finish. (Id.) Dr. Zamrin told his assistant that he had broken the tooth into pieces but he believed his assistant had vacuumed the pieces out of Plaintiff's mouth. (Id.) Dr. Zamrin asked his assistant to do an x-ray to confirm complete removal of the tooth. (Id.) Plaintiff states that the removal "had also gone wrong and has caused continued pain, stress and suffering." (Id.)

B. Section 1983 Claims

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

4

> thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

The Court will assume, for purposes of screening only, that Dr. Krantz and Dr. Zamrin are state actors. See Johnson v. Stempler, 373 F. App'x 151, 153-54 (3d Cir. 2010) ("West established that "private prison doctors working under contract with the government act 'under color of state law' for purposes of § 1983 and may be sued under that statute") (quoting West, 487 U.S. at 54-57).

"Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners [is] sufficiently egregious to rise to the level of" an Eighth Amendment violation. Haynes v. Moore, 405 F. App'x 562, 564 (3d Cir. 2011) (quoting Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). "Neither allegations of medical malpractice nor a

5

disagreement about a course of treatment establishes a constitutional violation." Haynes v. Moore, 405 F. App'x 562, 564 (3d Cir. 2011) (quoting Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004).

An Eighth Amendment violation can be shown where a defendant intentionally inflicted pain on a prisoner; a defendant denied the prisoner's reasonable requests for medical treatment and the denial exposed the prisoner to undue suffering or the threat of tangible residual injury; and where a defendant intentionally refused to provide care in cases where the need for medical care was known. Id. The medical condition must be serious and the prison officials must be deliberately indifferent to it. Id. (quoting Spruill, 372 F.3d at 236).

Plaintiff does not allege facts suggesting that Dr. Krantz intentionally inflicted pain on him or denied his reasonable requests for medical treatment. Instead, Plaintiff complains that he was unhappy with the result of the tooth extraction because it caused him pain, bleeding and disfigurement. This claim sounds in negligence not deliberate indifference. If Plaintiff can plead additional facts or a different legal claim against Dr. Krantz, he may submit an amended complaint.

For his claim against Dr. Zamrin, Plaintiff alleges that after Dr. Zamrin gave him a shot for pain during for his tooth

6

extraction, Plaintiff told Dr. Zamrin that the effect was wearing off, but Dr. Zamrin told Plaintiff not to interrupt and let him finish. Plaintiff's allegations fall short of establishing that Dr. Zamrin intentionally caused Plaintiff pain.

Plaintiff does not allege that Dr. Zamrin did not have a medical reason for not giving him additional medication. Further, Plaintiff does not allege how long the extraction lasted after Plaintiff stated that the medication was wearing off. See James v. Pennsylvania Dept. of Corrections, 230 F. App'x 195, 198 (3d Cir. 2010) (failure to allege an Eighth Amendment claim against a dentist who provided timely care, with no indication the dentist's decision was based on anything beyond routine patient care.) If Plaintiff can allege additional facts to support a claim that Dr. Zamrin intentionally caused him pain for no medical reason or was otherwise deliberately indifferent to a serious medical need, Plaintiff may submit an amended complaint.

The Court notes that Plaintiff did not assert a medical malpractice claim under New Jersey state law. If Plaintiff intended to do so, he should expressly include the claim(s) in his amended complaint. Plaintiff should also be advised of the notice requirements of the New Jersey Tort Claims Act. See N.J.S.A. § 59:8-8 *et seq.* Further, if Plaintiff does not state a federal claim

or a basis for diversity jurisdiction, he should bring any state law claims in state court.

III. CONCLUSION

The Court will dismiss the complaint without prejudice for failure to state an Eighth Amendment claim under 42 U.S.C. 1983.

An appropriate order follows.

**DATE: October 31, 2019**          <u>s/Renée Marie Bumb</u>
                                    **RENÉE MARIE BUMB**
                                    **United States District Judge**