NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| ARCENIO ABORRESCO, | : | CIV. NO. 19-16051 (RMB-AMD) |
|  | : |  |
| Plaintiff | : |  |
|  | : |  |
| v. | : | **OPINION** |
|  | : |  |
| JEFFREY KRANTZ, D.D.S. and ROBERT ZAMRIN, D.D.S., | : |  |
|  | : |  |
| Defendants | : |  |

Plaintiff Arcenio Aborresco ("Plaintiff"), incarcerated in Southern State Correctional Facility in Delmont, New Jersey, filed a civil rights complaint on July 30, 2019. (Compl., Dkt. No. 1.) This Court granted his application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) but dismissed the complaint under 28 U.S.C. §§ 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e(c)(1) without prejudice for failure to state a claim. (Opinion, Dkt. No. 5; Order, Dkt. No. 6.) On November 8, 2019, Plaintiff filed an amended complaint (Dkt. No. 8) and a motion to appoint pro bono counsel (Dkt. No. 7.) The Court will screen the amended complaint under 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1). For the reasons discussed below, the Court dismisses the amended complaint with prejudice.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro*

*se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may

2

not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A. The Amended Complaint

Plaintiff alleges that on July 11, 2016, at Southern State Correctional Facility, Robert Zamrin, D.D.S. broke Plaintiff's tooth #19 while providing dental services. (Am. Compl., Dkt. No. 8 at 1.) Dr. Zamrin gave Plaintiff Novocaine for pain while performing a dental procedure but he declined Plaintiff's request for a third dose of Novocaine when he was nearly done with the procedure, which took about five more minutes. (Id. at 2-3.) Dr. Zamrin took an x-ray of Plaintiff's mouth to confirm there were no broken pieces of tooth left in his mouth. (Id.) Dr. Zamrin said the x-ray did not show any tooth left. (Id.) The following day, Plaintiff's face was swollen. (Id. at 3.) He refused to see Dr. Zamrin and wanted dental treatment outside the prison. (Id.)

Plaintiff saw Dr. Zamrin again on July 18, 2016, because he wanted a renewal of his pain medication. (Id. at 4.) Dr. Zamrin stated that he would not renew Plaintiff's prescription for pain medication unless he permitted Dr. Zamrin to treat him. (Id.) Plaintiff refused. (Id.) He did not see another dentist until August 29, 2016. (Id.) The dentist performed an x-ray and the root

of tooth #19 was still there. (Am. Compl., Dkt. No. 8 at 5-6.) Plaintiff refused to allow any dentist to treat him without putting him under general anesthetic, which is not done at the New Jersey Department of Corrections. (Id.) Plaintiff filed a tort claim in New Jersey on September 8, 2016, but he never received a response. (Id. at 6.) Plaintiff also described his dental visit with Dr. Jeffrey Krantz at C.R.A.F. on May 19, 2016. (Id. at 7.) Plaintiff believes Dr. Krantz did something wrong when extracting tooth #6 and then lied to him. (Id.) Plaintiff's gum is disfigured and he continues to suffer pain at that location. (Id.)

    B. Section 1983 Claims

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation

4

was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

The Court will assume, for purposes of screening only, that Dr. Krantz and Dr. Zamrin are state actors. See Johnson v. Stempler, 373 F. App'x 151, 153-54 (3d Cir. 2010) ("West established that "private prison doctors working under contract with the government act 'under color of state law' for purposes of § 1983 and may be sued under that statute") (quoting West, 487 U.S. at 54-57).

"Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners [is] sufficiently egregious to rise to the level of" an Eighth Amendment violation. Haynes v. Moore, 405 F. App'x 562, 564 (3d Cir. 2011) (quoting Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). "Neither allegations of medical malpractice nor a disagreement about a course of treatment establishes a constitutional violation." Haynes v. Moore, 405 F. App'x 562, 564 (3d Cir. 2011) (quoting Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004).

As with Plaintiff's original complaint, Plaintiff's § 1983 claims in the amended complaint sound in negligence and not deliberate indifference. Because Plaintiff has not stated a

5

federal claim, he must bring his state claims in state court because this Court lacks jurisdiction over state claims. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (stating federal courts "possess only that power authorized by Constitution and statute"). Because Plaintiff's claims sound in negligence, amendment of the claims under § 1983 is futile.

III. CONCLUSION

The Court will dismiss the amended complaint with prejudice for failure to state an Eighth Amendment claim under 42 U.S.C. 1983.

An appropriate order follows.

**DATE: June 26, 2020**

                                                              s/Renée Marie Bumb
                                                              **RENÉE MARIE BUMB**
                                                              **United States District Judge**